# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **ELI BALDERAS**, on behalf of himself and those similarly situated, | Case No. 3:21-cv-2427 |
| Named Plaintiff, | Judge |
| v. | Magistrate Judge |
| **SCHUTZ CONTAINER SYSTEMS, INC.**, c/o The Prentice-Hall Corporation System, Inc. 50 West Broad Street, Suite 1330 Columbus, Ohio 43215, | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Named Plaintiff Eli Balderas ("Named Plaintiff" or "Balderas"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Collective and Class Action Complaint against Schutz Container Systems, Inc. ("Schutz" or "Defendant") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the Ohio Acts claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following collective and class action allegations are based on personal knowledge as to Named Plaintiff's own conduct,

Defendant's business records, and they are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby alleges as follows:

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Northern District of Ohio; and Defendant conducted substantial business at its manufacturing facility located at 2105 S. Wilkinson Way, Perrysburg, Ohio 43551, which is in this judicial district.

## II. FACTUAL ALLEGATIONS

### A. Named Plaintiff Balderas

4. Named Plaintiff Balderas is an individual, a United States citizen, and a resident of this judicial district.

5. Balderas worked as a machine operator/team lead in the blow mold department. Balderas's employment began in approximately October, 2014 and continued until May, 2021. At all times, Balderas was non-exempt and he was paid on an hourly basis.

6. At all times relevant, Balderas was an "employee" as defined in the FLSA and the Ohio Acts.

7. Balderas generally worked Monday through Friday, but he also worked on weekends.

8. At all times relevant, Balderas primarily performed non-exempt duties, including operating a machine on a production line to manufacture various plastics, at Defendant's production facility located at 2105 S. Wilkinson Way, Perrysburg, Ohio 43551.

9. Named Plaintiff Balderas's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

**B. Defendant Schutz Container Systems, Inc.**

10. At all times relevant, Defendant is a foreign for-profit corporation authorized to do business in Ohio and it regularly conducts business in this judicial district.

11. Upon information and belief, Schutz is a manufacturer of carbon fiber, drums, and containers through a global network of domestic and international manufacturing plants and distribution centers.

12. Upon information and belief, Schutz has at least six (6) other manufacturing facilities in the United States, including Ohio, Georgia, Missouri, Texas, Indiana, and New Jersey.

13. At all relevant times, Schutz was also an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Named Plaintiff and those similarly situated as described herein.

14. At all relevant times, Defendant had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

15. At all relevant times, Defendant had the authority to (and does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

16. Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

17. At all relevant times, Defendant suffered or permitted Named Plaintiffs and other similarly situated employees to perform uncompensated work. The work that Named Plaintiffs and other similarly situated employees performed was for Defendant's benefit.

18. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

19. During relevant times, Defendant has benefitted from the work performed by Named Plaintiffs and those similarly situated.

20. Upon information and belief, during the three years preceding the filing of this Complaint, Defendant operated and controlled an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

21. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III. COLLECTIVE AND CLASS ACTION ALLEGATIONS

22. During their employment with Defendant, Named Plaintiff and similarly situated employees were not fully and properly paid in accordance with the minimum requirements of the FLSA and Ohio law for all of their compensable hours worked due to its company-wide policies/practices in several ways more fully outlined below.

**(Unpaid Overtime because of a Pay-to-Shift Policy/Practice and/or Rounding Policy/Practice which Rounds Compensable Hours Down to the Detriment of Employees)**

23. Despite utilizing a company-wide timekeeping system that tracks exactly when each hourly employee "punches" or clocks in/out[1] each day, Defendant maintains a policy and/or practice whereby it generally only compensates its employees for their *scheduled shifts* (or rounds to their scheduled shifts) rather than for all of the time it suffered or permitted its employees to work for a variety of reasons more fully outlined below.

24. Once clocked in, Named Plaintiff and similarly situated employees regularly perform integral and indispensable unpaid work before the scheduled start. All of this work is captured on Defendant's company-wide timekeeping system.

25. The integral and indispensable pre-shift work includes meeting with and receiving instruction from supervisors, discussing issues with prior shifts, performing safety checks, retrieving tools, and gathering necessary items, among other preparatory job duties in order for production to be up and running at the start of their scheduled shift.

26. Named Plaintiff and other similarly situated employees were required to be prepared to begin producing no later than the scheduled start of their shifts.

---

[1] For all intents and purposes, the terms "punch in" and "clock in" are used interchangeably and have the same meaning herein. In addition, the terms "punch out" and "clock out" also are used interchangeably and have the same meaning.

27. Despite their performance of pre-shift work, Defendant does not pay its employees for such work.

28. Moreover, despite working up through and including until they clock out each day, which may result in working beyond their scheduled end of their shifts, Defendant regularly only compensated its employees for their scheduled shift and/or rounded down their compensable hours to their scheduled shifts.

29. Defendant's policy/practice whereby it only pays its hourly, production employees for their scheduled shifts and/or improperly rounds Named Plaintiff's and those similarly situated employees' punch-in and punch-out times down to their scheduled start and scheduled end times violates the FLSA because it fails to compensate employees for all time they have actually worked.

**(Unpaid Overtime as a Result of Unpaid Short Rest Periods)**

30. Once clocked in, Named Plaintiff and similarly situated employees continued working at all times relevant.

31. During the three years preceding this Complaint, Defendant required employees to clock out or otherwise did not compensate its employees for "short rest breaks of 20 minutes or less.

32. For example, during the workweek of Monday, July 8, 2019 through Sunday, July 14, 2019, Named Plaintiff worked over forty (40) hours. However, he was not compensated for short rest breaks on numerous occasions during this representative workweek.

33. At times during the three preceding the filing of this Complaint, Defendant did not pay Named Plaintiff and similarly situated others for short rest breaks of 20 minutes or less even though such short rest breaks "must be counted as hours worked." *See* 29 C.F.R. § 785.18.

34. Defendant's unlawful company-wide pay policy/practice of not compensating its hourly, non-exempt production employees for short rest breaks also occurred in 2020 and 2021.

35. For example, during the workweek of Monday, February 3, 2020 through Sunday, February 9, 2020, Named Plaintiff worked over forty (40) hours. However, he was not compensated for short rest breaks on numerous occasions during this representative workweek.

36. In 2021, during the workweek of Monday, January 4, 2021 through Sunday, January 10, 2021, Named Plaintiff worked over forty (40) hours. However, he was not compensated for short rest breaks on numerous occasions during this representative workweek.

37. As a result of Defendant's company-wide policy/practice of not compensating its production workers for short rest breaks, it resulted in unpaid overtime compensation during workweeks when Named Plaintiff and similarly situated production employees worked 40 or more hours.

**(Unpaid Overtime Due to Failure to Pay at Correct Regular Rate of Pay)**

38. In addition, Defendant did not properly calculate overtime based on its ***regular rate of pay***, as defined by the FLSA, but instead calculated overtime based on its hourly rate of pay, resulting in unpaid overtime wages during the three years preceding the filing date of this Complaint.

39. During his employment with Defendant, Named Plaintiff and other similarly situated employees were not fully and properly paid for all of their compensable hours worked because Defendant did not properly calculate their regular rates of pay for the purposes of meeting the minimum requirements set forth in the FLSA, which resulted in unpaid overtime wages.

40. Defendant pays Named Plaintiff and similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

41. In addition to the Base Hourly Wage, Defendant pays its employees with additional forms of remuneration that should have been included in the calculation of employees' regular rates of pay for overtime compensation, including, but not limited to, non-discretionary "Attendance Bonuses" and other bonuses as incentives to encourage Plaintiff and similarly situated workers to work more steadily, rapidly, efficiently, and/or to encourage its workers to remain with the company given its importance to the overall operation of Defendant (collectively hereinafter "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b), 778.211(c).

42. During the last three years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration as described above in various workweeks.

43. When Defendant paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendant failed to properly calculate its employees' regular rate of pay during workweeks when they worked over 40 hours because Defendant did not include the Additional Remuneration in its regular rate calculations for overtime wages. Consequently, Defendant failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

44. Instead, Defendant paid Named Plaintiff and other similarly situated employees overtime compensation at one-and-one-half times their **Base Hourly Wage** and not one-and-one-half times their ***regular rate of pay*** as that phrase is defined under the FLSA. *See* 29 U.S.C. § 207(e).

45. During Named Plaintiff's employment, he and similarly situated production workers received Additional Remuneration and worked over forty (40) hours in one or more

workweeks, but they were not compensated at the correct regular rate of pay resulting in unpaid overtime.

### (Unpaid Overtime Due to Deductions from Pay for Uniforms Resulting in Wages that Were Not "Free and Clear")

46. During Named Plaintiff's employment, Defendant applied a company-wide policy or practice of requiring its production workers to wear uniforms.

47. At all times relevant, the uniforms were primarily for the benefit or convenience of Defendant.

48. At the same time, Defendant applied a company-wide policy and/or practice of requiring Named Plaintiff and similarly situated production workers to bear the cost of maintaining the uniforms by deducting compensation from its hourly production employees' pay, including Named Plaintiff's, for purposes of cleaning their uniforms at a rate of $5.50 per paycheck.

49. The wage requirements of the FLSA are not met when an employee "kicks-back" directly or indirectly to the employer or another person for the employer's benefit the whole or part of the wage delivered to the employee.

50. By passing the costs of maintaining uniforms onto Named Plaintiff and similarly situated production workers during workweeks when they worked over forty (40) hours in one or more workweeks and deducting such costs, Defendant cut into the overtime wages required to be paid to Named Plaintiff and similarly situated production workers in violation of the FLSA and attendant regulations. *See* 29 C.F.R. § 531.35 ("Free and clear" payment; "kickbacks."). *See also* "U.S. Department of Labor Fact Sheet #16: Deductions from Wages for Uniforms and Other Facilities Under the Fair Labor Standards Act (FLSA)."[2]

---

[2] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs16.pdf (last visited Dec. 28, 2021).

51. As set forth herein, Defendant failed to compensate Named Plaintiff and other similarly situated employees for all overtime wages earned as a result of uncompensated pre- or post-shift work, unpaid short rest breaks, its failure to properly calculate overtime rates of pay, and its improper deductions.

52. This integral and indispensable unpaid work performed by Named Plaintiffs and other similarly situated employees was practically ascertainable to Defendant. There was no practical administrative difficulty of recording/paying this integral and indispensable unpaid work by Named Plaintiffs and other similarly situated employees from clock in until clock out each day.

53. The unpaid work performed by Named Plaintiffs and other similarly situated employees constituted part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

54. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiffs and other similarly situated employees and was part of their continuous workday.

55. Finally, as set forth above, Defendant willfully violated the FLSA and Ohio Acts when it paid them overtime wages that were not "free and clear."

56. Defendant knowingly and willfully failed to pay Named Plaintiffs and other similarly situated employees as described herein.

57. Upon information and belief, for the three years preceding the Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt production employees at its facilities, including Named Plaintiffs.

### A. FLSA Collective Action for Unpaid Overtime Wages

58. Named Plaintiff brings Count One of this action on his own behalf and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

59. The collective that Named Plaintiff seeks to represent and to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is a member, is composed of and defined as follows:

> All current and former hourly production employees of Defendant who were paid for at least forty (40) hours of work in one or more workweeks beginning three (3) years prior to the filing of this Complaint and continuing through the date of judgment. (the "FLSA Collective" or the "FLSA Collective Members").

60. This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former production employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

61. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. §216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs.

**B.    Federal Rule of Civil Procedure 23 Class Action for Unpaid Overtime Wages**

62.    Named Plaintiff brings his Ohio Acts claims pursuant to Rule 23 as a class action on behalf of himself and all other members of the following class:

> All current and former hourly Ohio production employees of Defendant who were paid for at least forty (40) hours of work in one or more workweeks beginning two (2) years prior to the filing of this Complaint and continuing through the date of judgment. (the "Rule 23 Class" or the "Rule 23 Class Members").

63.    The Rule 23 Class includes all of Defendant's production employees who worked in the State of Ohio during the relevant time period above.

64.    The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

65.    Named Plaintiff is a member of the Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

66.    Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

67.    Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that he has undertaken to represent.

68.    Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

69.    Questions of law and fact are common to the Rule 23 Class.

70.    Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt production employees.

71. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

72. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

73. Questions of law and fact that are common to the Rule 23 Class include but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Rule 23 Class for all overtime wages earned because of one or more of the violations described herein; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; (e) whether the unpaid and/or withheld compensation remained unpaid in violation of the OPPA; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

74. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their

rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV.     CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)

75.     All of the preceding paragraphs are realleged as if fully rewritten herein.

76.     This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective Members against Defendant.

77.     Defendant's practice and/or policy of not paying Named Plaintiff and other similarly situated employees for integral and indispensable work performed outside of their scheduled shifts violates the FLSA, 29 U.S.C. § 207; *see also* 29 C.F.R. § 785.24 (stating same).

78.     Further, Defendant's practice and/or policy of not paying Named Plaintiff and other similarly situated employees for short rest breaks that "must be counted as hours worked" violates the FLSA. *See* 29 C.F.R. § 785.18.

79.     Moreover, Defendant's failure to pay its employees overtime at a rate of one-and-one-half times their regular rates of pay when they earned Additional Remuneration violates the FLSA as alleged herein.

80.     Finally, Defendant's policy/practice of not paying them overtime wages "free and clear" because of improper deductions violates the FLSA.

81.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiff and other similarly situated employees violated the FLSA. *See* 29 C.F.R § 516.2(a)(7).

82.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

83. As a result of Defendant's practices and/or policies, Named Plaintiff and other similarly situated employees have not received overtime wages due to them pursuant to the FLSA.

84. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

85. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## COUNT II
### (O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

86. All of the preceding paragraphs are realleged as if fully rewritten herein.

87. This claim is brought under the Ohio Wage Act, which incorporates the FLSA without limitation.

88. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

89. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

90. While employed by Defendant, Named Plaintiff, and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03, but were not fully paid overtime wages as outlined above.

91. As a result of Defendant's company-wide corporate policies and/or practices as described herein, it failed to pay Named Plaintiff and the Rule 23 Class Members all overtime wages earned.

92. Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of the Ohio Wage Act.

93. Defendant's repeated, knowing failure to pay overtime wages to Named Plaintiff and the Rule 23 Class Members were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

94. For Defendant's violations of the Ohio Wage Act, Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, attorneys' fees, and all other remedies available on behalf of himself and the Rule 23 Class Members.

## COUNT III
**(O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)**

95. All of the preceding paragraphs are realleged as if fully rewritten herein.

96. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant.

97. During relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

98. The OPPA requires that Defendant pay Named Plaintiff and the Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day

thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

99. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times their regular rates of pay within thirty (30) days of performing the work as outlined above. *See* O.R.C. § 4113.15(B).

100. Named Plaintiff and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

101. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

### COUNT IV
### (O.R.C. § 2307.60 – DAMAGES ON BEHALF OF NAMED PLAINTIFF AND THE OHIO RULE 23 CLASS)

102. All of the preceding paragraphs are realleged as if fully rewritten herein.

103. The FLSA imposes criminal penalties for willful violations.

104. By their acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiff and the Rule 23 Class have been injured as a result.

105. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

106. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

### V. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B.  Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.  Certifying the proposed Rule 23 Class;

D.  Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law and that Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.  Finding that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

F.  Declaring judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

G.  Declaring judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

H.  Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law, pursuant but not limited to the OPPA;

I.  Awarding to Named Plaintiff a service award for his efforts in remedying various pay policies/practices as outlined above;

J.  Awarding to Named Plaintiff and the Rule 23 Class Members punitive, exemplary, and compensatory damages under O.R.C. § 2307.60;

K. Awarding to Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts and reimbursement of expenses;

L. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

M. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

N. Declaring judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

O. Awarding such other and further relief as to this Court may deem necessary, just, or proper.

Respectfully submitted,

| **COFFMAN LEGAL, LLC** | **BRYANT LEGAL, LLC** |
|---|---|
| */s/ Matthew J.P. Coffman* | */s/ Daniel I. Bryant* |
| Matthew J.P. Coffman (0085586) | Daniel I. Bryant (0090859) |
| 1550 Old Henderson Rd. | 1550 Old Henderson Road, Suite 126 |
| Suite #126 | Columbus, Ohio 43220 |
| Columbus, Ohio 43220 | Phone: (614) 704-0546 |
| Telephone: (614) 949-1181 | Facsimile: (614) 573-9826 |
| Facsimile: (614) 386-9964 | Email: dbryant@bryantlegalllc.com |
| Email: mcoffman@mcoffmanlegal.com | |
| | */s/ Matthew B. Bryant* |
| | Matthew B. Bryant (0085991) |
| | **BRYANT LEGAL, LLC** |
| | 3450 W Central Ave., Suite 370 |
| | Toledo, Ohio 43606 |
| | Telephone: (419) 824-4439 |
| | Facsimile: (419) 932-6719 |
| | Email: Mbryant@bryantlegalllc.com |

## **JURY DEMAND**

Plaintiff requests a trial by a jury of eight (8) persons.

>*/s/ Matthew J.P. Coffman*
>Matthew J.P. Coffman