IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Eli Balderas,<br>*on behalf of herself and others similarly situated*, | Case No. 3:21 CV 2427 |
| Plaintiff, | ORDER GRANTING JOINT<br>MOTION FOR FINAL APPROVAL<br><u>OF CLASS ACTION SETTLEMENT</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Schutz Container Systems, Inc., | |
| Defendant. | |

Before this Court is a Joint Motion for Final Approval of Class Action Settlement as fair and reasonable under Federal Civil Rule 23(e). Also filed is the Settlement Agreement (Doc. 36-1) and the Declaration of Settlement Administrator (Doc. 38). This Court held a Record Fairness Hearing on January 8, 2024. No objections were received. Counsel present: Dan Bryant and Matthew Coffman for Plaintiff; Roman Arce and Franceska Edinger for Defendant.

This Court approves the Joint Motion for Final Approval as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2. Plaintiff filed this action alleging Defendant violated the FLSA and various state-law overtime and wage-payment statutes by failing to pay Plaintiff and other similarly situated employees overtime and by failing to correctly calculate their regular rates of pay for the purposes of paying overtime.

3. Defendant continues to deny liability or wrongdoing throughout this case, but the parties agreed to a targeted exchange of relevant payroll and timekeeping records. These records enabled the parties to understand and assess the detail and substance of their respective claims and defenses.

4. The parties engaged in comprehensive settlement communication, including exchanging their factual and legal positions of the claims and defenses and exhausted those efforts over a period of several months.

5. Arms-length and good-faith negotiations between the parties and their counsel, who have extensive experience litigating wage and hour claims, resulted in the Settlement.

6. The parties filed a Joint Motion for Final Approval of FLSA Collection and Preliminary Approval of Class Action Settlement (Doc. 36) which this Court granted (Doc. 37). The proposed Settlement Agreement satisfies the standard for final approval of a collective-action settlement under the FLSA, 29 U.S.C. § 216(b).

7. Notice was then sent to Class Members. A Declaration from the Settlement Administrator (Doc. 38-1) verifies that Class Notice was distributed to Class Members in the form and manner approved by this Court.

8. This Court finds that Class Members were given adequate notice of the pendency of this lawsuit, the proposed settlement, and the date of the Fairness Hearing. This Court further finds that the notice was reasonable, the best notice practicable, and satisfied the requirements of Federal Civil Rule 23 and due process.

9. As to the Representative Plaintiff and the Class, this Court finds that the proposed settlement satisfies the standard for final approval of a class-action settlement under Federal Civil Rule 23(e). The proposed settlement class satisfies the requirements under Federal Civil Rule 23(a)

of commonality, numerosity, typicality, and adequacy of representation, as well as the requirements under Federal Civil Rule 23(b) of predominance and superiority. Representative Plaintiff Eli Balderas is an adequate representative of the Class, as he represents and possesses the same interests and suffered the same alleged injuries as other Class Members. The class definitions encompass persons with like factual circumstances and like claims. This Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and approves the Settlement Agreement.

10. This Court approves the method of calculation and proposed distribution of settlement payments to Class Members as set forth in the Settlement Agreement.

11. This Court approves the manner and payment of attorney fees and costs as set forth in the Settlement Agreement. The parties shall bear their respective attorney fees and costs except as provided in the Settlement Agreement.

12. This Court approves the incentive payment to the Representative Plaintiff, Eli Balderas, and the payment to the Settlement Administrator, as outlined in the Settlement Agreement.

13. This Court retains jurisdiction for the purpose of enforcing the Settlement Agreement and hereby dismisses this case with prejudice.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 8, 2024